**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1544
_____

AMY BLOCK, on behalf of herself and all other persons similarly situated;
VICTORYA MANAKIN; CRYSTAL HUNTER

v.

JAGUAR LAND ROVER NORTH AMERICA, LLC

Amy Block and Victorya Manakin,
Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-15-cv-05957)
U.S. District Judge: Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on January 24, 2023

Before: GREENAWAY JR., BIBAS, and FUENTES, *Circuit Judges*

(Filed:  June 1, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge.*

Plaintiff Victorya Manakin filed a putative class action complaint against Jaguar Land Rover North America, LLC ("Jaguar") after she had issues with her car's battery. The District Court granted summary judgment for Jaguar. We will affirm the District Court's order.

I.

This case centers on a defect in a specific model of car sold by Jaguar: the Land Rover LR2. In early 2009, Jaguar learned that LR2 drivers were complaining of flat batteries. In January 2010, Jaguar sent out a special service message to dealers alerting them of the issue and that Jaguar was investigating it. Jaguar ultimately discovered that if a driver turned off the ignition on an LR2 while using Bluetooth for a phone call and running the navigation system, the vehicle's infotainment system would remain on and could drain the battery overnight. In 2011, Jaguar issued a bulletin announcing an update to the infotainment system software that would fix this issue if owners complained of an unexpected flat battery.

In 2012, Manakin bought a used LR2. The car was subject to a standard warranty, with limits of 4 years or 50,000 miles. In December of that year, Manakin went to a Jaguar dealer complaining that her car was hesitating to start and was making an abnormal sound. In 2013, Plaintiff returned to the dealer with a complaint about an abnormal sound. By then, her car had accumulated more than 50,000 miles, placing it outside the terms of the warranty. Over the next year, Manakin's car battery had multiple issues, and she experienced a dead battery several times.

2

Manakin sued Jaguar, bringing claims of breach of express warranty, breach of implied warranty, and breach of the Magnuson Moss Warranty Act, among other claims. Before the District Court, Manakin argued that the abnormal sound in December 2012—while the car was still under warranty—was caused by the flat-battery defect. Manakin also argued that the warranty's durational limits were unconscionable. The District Court granted summary judgment in favor of Jaguar. Manakin now appeals.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo.[1] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] There is a genuine factual dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] All facts are to be viewed in the light most favorable to the nonmoving party.[4]

## III.

Manakin argues that the warranty on her LR2 was unconscionable and that the District Court erred in granting summary judgment based on the facts in the record. We address both arguments in turn.

---

[1] *Dondero v. Lower Milford Township*, 5 F.4th 355, 358 (3d Cir. 2021).
[2] Fed. R. Civ. P. 56(a).
[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[4] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018).

A.

Manakin argues that the vehicle's warranty was unconscionable because Jaguar knew about the flat-battery defect and did not inform customers. An express warranty does not cover repairs made after the applicable time has elapsed.[5] Thus, "latent defects discovered after the term of the warranty are not actionable."[6] But Manakin argues that because the warranty was unconscionable, this general rule should not apply.

Unconscionability is a question of state law.[7] Where, as here, the contract is one of adhesion, New Jersey courts look to four factors: "[1] the subject matter of the contract, [2] the parties' relative bargaining positions, [3] the degree of economic compulsion motivating the 'adhering' party, and [4] the public interests affected by the contract."[8] "Those factors focus on procedural and substantive aspects of the contract to determine whether the contract is so oppressive, or inconsistent with the vindication of public policy, that it would be unconscionable to permit its enforcement."[9]

In this case, as the District Court explained, "at most, Plaintiffs present the Court with a scenario in which a manufacturer knew of a potential defect, one that may or may not manifest for customers, but which did not manifest during the warranty period."[10] The Court was unpersuaded that "Jaguar's conduct—not informing Plaintiffs of a potential

---

[5] *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir. 1995) (citing *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986)).
[6] *Id.*
[7] *Nino v. Jewelry Exch., Inc.,* 609 F.3d 191, 200 (3d Cir. 2010).
[8] *Rodriguez v. Raymours Furniture Co.*, 138 A.3d 528, 542 (N.J. 2016) (quoting *Rudbart v. N. Jersey Dist. Water Supply Comm'n*, 605 A.2d 681, 687 (N.J. 1992)).
[9] *Id.* (citation omitted).
[10] JA 12.

defect that did not manifest in their vehicles during the warranty period—was sufficiently oppressive or inconsistent with public policy as to make the durational limits unenforceable as unconscionable."[11] We agree. Manakin has not shown that Jaguar's behavior was unconscionable on this record. Whatever general knowledge Jaguar possessed at the formation of the warranty does not render the time-limitation unconscionable without further evidence of evidence of unequal bargaining positions, compulsion, or other countervailing public interests.[12]

B.

Manakin next argued before the District Court that she experienced the flat-battery defect in December 2012, and that Jaguar therefore breached its express warranty. The District Court granted summary judgment for Jaguar on this claim. Manakin asserts this was error because whether her car suffered the flat-battery defect in December 2012 was a genuine dispute of material fact that should have gone to a jury.

As explained, the flat-battery defect caused the LR2's infotainment system to remain on while the car was off and drain the battery, preventing some LR2s from starting after being left off overnight or for a long time under certain circumstances. From the facts in the record, the District Court concluded that no reasonable jury could find that the issue Manakin experienced December 2012 was the same as or caused by the flat-battery defect. We see no error in this holding.

---

[11] JA 13.

[12] *Rodriguez*, 138 A.3d at 542.

The relevant evidence fails to link the flat-battery defect to the issue that Manakin experienced in December 2012. The service invoice for the visit provides "customer states vehicle hesitates to start intermittently, happened after vehicle was running for about 15 min[utes]."[13] During a deposition, Manakin testified that when she would start the car, "there was a hesitation in the engine starting," and that there was a "long crank."[14] She said this happened after running the vehicle for roughly 15 minutes and then shutting it off. She clarified the problem did not prevent her from starting the vehicle, but that the vehicle "was just not sounding normal."[15] As part of this service visit, the dealer tested the battery in Manakin's car and found no issue. Even construing these facts in the light most favorable to Manakin, no reasonable juror could draw the inference that the issue Manakin experienced in 2012 was the same as or caused by the flat-battery defect.

Manakin also argues that the cause of the December 2012 issue is a technical matter that requires expert testimony. But Manakin did not submit any expert testimony for consideration, nor did Manakin make a request under Federal Rule of Civil Procedure 56(d) for additional discovery.[16] Except in rare cases, "failure to comply with [Rule 56(d)] is fatal to a claim of insufficient discovery on appeal."[17] This argument is therefore

---

[13] JA 385.
[14] JA 301.
[15] JA 302.
[16] Rule 56(d) requires a party to file an "affidavit or declaration" providing "specified reasons" why the party could not "present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).
[17] *Bradley v. United States*, 299 F.3d 197, 207 (3d Cir. 2002).

unavailing, and the District Court properly granted summary judgment for Jaguar on Manakin's claim for breach of express warranty.[18]

IV.

For the reasons stated above, we will affirm the order of the District Court.

---

[18] Manakin's claim under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 et seq., is based on her state-law claim of breach of express warranty. Since the District Court correctly granted summary judgment on that claim, we also affirm its decision on the Magnuson–Moss claim.